You  v. Lynch

BIA
A077 281 399

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of March, two thousand sixteen.

PRESENT:
> JON O. NEWMAN,
> DEBRA ANN LIVINGSTON,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

LI GHUANG YOU, AKA LI GUANG YOU,
> *Petitioner,*

v.                                                12-3293
                                                  NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:         Fuhao Yang, Law Offices of Fuhao
                        Yang, PLLC, New York, New York.

FOR RESPONDENT:         Stuart F. Delery, Acting Assistant
                        Attorney General; Leslie McKay,
                        Assistant Director, Kristofer R.
                        McDonald, Trial Attorney, Office of
                        Immigration Litigation, United
                        States Department of Justice,
                        Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Li Ghuang You, a native and citizen of China, seeks review of a July 26, 2012, decision of the BIA denying his motion to reopen his removal proceedings. *In re Li Ghuang You*, No. A077 281 399 (B.I.A. July 26, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam). An alien seeking to reopen proceedings is required to file a motion to reopen no later than 90 days after the date on which the final administrative decision. *See* 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(2). There is no dispute that You's motion to reopen, filed in 2011, was untimely because the BIA issued a final order of removal in 2002.

You contends, however, that his recent membership in the China Democracy Party ("CDP") constitutes materially changed conditions excusing his untimely motion. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3). As

2

the BIA properly determined, You's political activities constituted changed personal circumstances, which are insufficient to excuse the untimely filing of his motion to reopen. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 273-74 (2d Cir. 2006) (making clear that the limitations on motions to reopen may not be suspended because of a "self-induced change in personal circumstances" that is "entirely of [the applicant's] own making after being ordered to leave the United States"); *see also Yuen Jin v. Mukasey*, 538 F.3d 143, 155 (2d Cir. 2008) (concluding that the system does not permit aliens who have been ordered removed "to disregard [those] orders and remain in the United States long enough to change their personal circumstances (*e.g.*, by having children or practicing a persecuted religion) and initiate new proceedings via a new asylum application").

Moreover, You's evidence does not compel the conclusion that the treatment of political dissidents in China has worsened since 2000. *See* 8 U.S.C. § 1252(b)(4)(B) (the BIA's factual findings are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary"); *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (reviewing BIA's factual findings regarding

3

changed country conditions under substantial evidence standard). Notably, none of You's evidence related to individuals, like himself, who joined the CDP in the United States, or showed that conditions for political dissidents in China had changed since his merits hearing. *See In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007) ("In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compares the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below.").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk